**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MICHAEL T. SHELTON and ANGELA SHELTON, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    CASE NO.: 1:23-CV-214 (LAG) |
| TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS. INC., | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Motion to Dismiss) (Doc. 27) and Defendants' Motion to Stay (Doc. 22). For the reasons below, Defendants' Motion to Dismiss is **DENIED** and Defendants' Motion to Stay is **DENIED as moot**.

## BACKGROUND

This is a products liability action regarding a handgun manufactured by Defendants Taurus International Manufacturing Inc. (TIMI) and Taurus Holdings Inc. (Taurus Holdings). (Doc. 25). On December 8, 2023, Plaintiff Michael Shelton filed a Complaint against Defendants pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). On May 29, 2024, Plaintiff filed a Motion for Leave to File an Amended Complaint, which the Court granted on July 9, 2024. (Docs. 20, 24). On July 9, 2024, Plaintiffs filed an Amended Complaint, adding Angela Shelton as a Plaintiff to this action. (Doc. 25). Plaintiffs' Amended Complaint alleges that Plaintiff Michael Shelton "was seriously injured on May 30, 2023, after his semi-automatic 9mm pistol, a Taurus GX4 model, serial number: 1GA70792, [] discharged unintentionally due to a safety defect after falling and striking the ground." (*Id.* ¶ 8). Plaintiffs allege that the pistol "was unreasonably

dangerous and unfit for its intended use" because "[i]t has a safety defect in which the trigger moves rearward when the pistol is subjected to an impact or drop[.]" (*Id.*).

Plaintiffs bring claims for negligence (Count I), breach of express warranty (Count II), breach of implied warranty of merchantability (Count III), strict liability (Counts IV, V, VI), negligent misrepresentation (Count VII), vicarious liability (Counts VIII, IX, X), and loss of consortium (Count XI). (Doc. 25). Plaintiffs also include a bolded, unnumbered heading in their Amended Complaint titled "Combining and Concurring Conduct[.]" (*Id.* at 24) (emphasis omitted). On June 24, 2024, Defendants filed a Motion to Stay Discovery pending the resolution of their Motion to Dismiss. (Doc. 22). On July 29, 2024, Defendants filed a Motion to Dismiss the Amended Complaint. (Doc. 27). Therein, Defendants argue that Plaintiffs' Amended Complaint "is a shotgun pleading, [] fails to state a claim for negligent misrepresentation, and fails to state any claim against [Defendant Taurus] Holdings." (Doc. 27-1 at 1). Plaintiff Michael Shelton filed an untimely response on August 27, 2024. (Doc. 28). On September 10, 2024, Defendants filed a reply. The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.3.1.(A).

## DISCUSSION

**I.      Vicarious Liability, Combining and Concurring Conduct (Counts VIII–X)**

Defendants argue that the vicarious liability counts (Counts VIII–X) and the unnumbered Combining and Concurring Conduct "count" should be dismissed with prejudice as they "are not independent causes of action but remedies or procedural means of allowing liability on a substantive claim." (Doc. 27-1 at 15–16 (citation omitted)). The Georgia Supreme Court recognizes vicarious liability as an independent claim. In *Atlanta Women's Specialists, LLC v. Trabue*, Count I was titled "Claim for Vicarious or Imputed Liability as to Defendant AWS[,]" and sought to hold Defendant Atlanta Women's Specialists "liab[le] for injuries and harm proximately caused by [its agents'] wrongful acts or omissions." 850 S.E.2d 748, 753 (Ga. 2020). The Georgia Supreme Court considered the following question: "Did the Court of Appeals err in holding that the plaintiffs in this medical malpractice action sufficiently pled a claim for vicarious liability against defendant Atlanta Women's Specialists, LLC []" and held that

2

> The concept of notice pleading applies fully to claims for vicarious liability. In the context of a medical malpractice action, a complaint sufficiently pleads a claim for vicarious liability against a medical practice by alleging that the practice is "vicariously liable for the negligence of the 'physicians that attended [the patient]' and that 'the treating physicians were actual and/or ostensible agents or otherwise servants and/or employees of' " the practice.

*Id.* at 750–52 (quoting *Oller v. Rockdale Hosp., LLC*, 804 S.E.2d 166, 168 (Ga. Ct. App. 2017). Thus, as the Georgia Supreme Court has recognized vicarious liability as a separate claim, Plaintiffs have not failed to state a claim and dismissal is not warranted. *See Tucker v. Wellpath, LLC*, No. 5:24-CV-215 (CAR), 2025 WL 104323, at *5–6 (M.D. Ga. Jan. 15, 2025).

## II.     Negligent Misrepresentation (Count VII)

Plaintiff Michael Shelton was injured at his home in Lincoln County, Tennessee. (Doc. 25 ¶¶ 1, 19). Defendants argue that "Tennessee law applies to the torts claims" under Georgia's choice of law principles and Plaintiffs' negligent misrepresentation claim is subject to dismissal with prejudice because negligent misrepresentation "is not available in a consumer products-liability action" under Tennessee law. (Doc. 27-1 at 8–12). Plaintiff Michael Shelton appears to agree, arguing only that Tennessee law recognizes negligent misrepresentation in liability cases. (Doc. 28 at 6–8). Under Georgia's choice of law principles, however, Georgia law applies to Plaintiffs' negligent misrepresentation claim.

"As the Court's jurisdiction in this matter is based on diversity of citizenship, the Court must apply the choice of law rules of the forum state—Georgia." *Elder v. Reliance Worldwide Corp.*, 563 F. Supp. 3d 1221, 1230 (N.D. Ga. 2021) (citing *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008)). "The Georgia conflicts of law rule governing tort actions is *lex loci delecti*, or the place of the wrong." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 678 (N.D. Ga. 2003) (citing *Velten v. Lippert*, 985 F.2d 1515, 1521 (11th Cir. 1993)). "The place of the wrong is the jurisdiction where the harm was suffered or where the last event necessary to make an actor liable for the alleged tort takes place." *Id.* (quoting *Velten*, 985 F.2d at 1521). But, "the application

3

of another jurisdiction's laws is limited to its statutes and decisions construing those statutes"; thus, "[w]hen no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." *Id.* at 677 (citing *Frank Briscoe Co., v. Ga. Sprinkler Co., Inc.*, 713 F.2d 1500, 1503 (11th Cir. 1983)); *see also Elder*, 563 F. Supp. 3d at 1230–31.

Plaintiffs have not cited or in any way referenced an applicable Tennessee statute. In their Motion to Dismiss, Defendants referenced the Tennessee Products Liability Act § 29-28-101, *et seq*, but neither party has "cite[d] any specific provisions of th[is] statute . . . or clarif[ied] how . . . the[] statute[] appl[ies]." *Elder*, 563 F. Supp. 3d at 1232. The Tennessee Products Liability Act is not a comprehensive enactment of products liability law. Rather, it defines certain terms like "products liability action," includes limitations on the kinds of Defendants that can be held liable in a products liability action, and sets a rebuttable presumption based on compliance with government standards. T.C.A. § 29-28-101, *et seq*. Tennessee has not enacted a statute governing negligent misrepresentation claims, instead "Tennessee's courts have [] recognized the common-law tort of negligent misrepresentation and have adopted the Restatement (Second) of Torts § 552 [] as the guiding principle with regard to these claims." *Hodge v. Craig*, 382 S.W.3d 325, 344 (Tenn. 2012) (citations omitted). Accordingly, Plaintiffs "have not directed the Court's attention to statutes of [Tennessee] [and] the Court must apply Georgia law, unless the application of Georgia law would be inconsistent with due process[.]" *See In re Tri-State Crematory Litig.*, 215 F.R.D. at 679. "The State of Georgia 'must have a significant contact or significant aggregation of contacts to the claims. . . , contacts creating state interests, in order to ensure that the choice of [Georgia] law is not arbitrary or unfair.'" *Id.* (alteration in original) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821–22 (1985)). Here, application of Georgia law to Plaintiffs' claims would not be inconsistent with due process as Plaintiffs' claims all relate to the manufacture and production of the subject pistol which occurred in Bainbridge, Georgia.

To state a claim for negligent misrepresentation under Georgia law, a Plaintiff must allege facts which demonstrate that (1) the Defendant negligently supplied false

4

information to foreseeable persons, known or unknown; (2) reliance on that information was reasonable; and (3) injury resulted from that reliance. *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1030 (11th Cir. 2003) (citing *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997)). Moreover, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to Plaintiffs' negligent misrepresentation claim. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013) (applying Rule 9(b) to fraudulent and negligent misrepresentation claims). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To plead a negligent misrepresentation claim with sufficient particularity, Plaintiffs must identify (1) "precisely what statements were made in what documents or oral representations[;]" (2) "the time and place of each statement and the person responsible[;]" (3) "the content of such statements and the manner in which they misled the plaintiff[;]" (4) "what the defendants obtained as a consequence[.]" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation marks and citations omitted). "In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (quoting *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007)) (other citation omitted).

As to the first element of a negligent misrepresentation claim, Plaintiffs allege that the Taurus Manual made representations of fact, including: (1) that the firearm came equipped with a safety device; (2) that the pistol was manufactured to perform properly; (3) that the Trigger Safety device was designed to preclude backward movement; (4) that the Firing Pin Block was designed to prevent the firing pin from moving forward; (5) that the Firing Pin Block was designed to prevent an accidental discharge should the firearm be dropped; and (6) that the firearm was carefully inspected and test-fired before shipment. (Doc. 25 ¶ 63). Plaintiffs also allege that the Limited Warranty made the representation of fact that the "[h]andguns manufactured by Taurus are warranted to be free from defects in

5

material and workmanship." (*Id.* ¶ 64 (alteration in original)). Plaintiffs further allege that "[t]hese statements by the [Defendants] concerned material facts that they believed to be true but which were, in fact, false." (*Id.* ¶ 65). As to the second element, Plaintiffs allege that they "justifiably relied on the false statements by purchasing, retaining, repairing, carrying, and using the subject pistol." (*Id.* ¶ 66). As to the third element, Plaintiffs allege that "Defendants' negligent misrepresentations were the proximate cause of [Plaintiff] Michael Shelton's injuries." (*Id.* ¶ 67). These allegations satisfy the heightened pleading standard as Plaintiffs have identified specific statements allegedly included in the Taurus Manual upon which they relied when they purchased and used the subject pistol. Defendants contend that Plaintiffs have not satisfied the requirements of Rule 9(b) because the "quotations [in their negligent misrepresentation claim] are not from the Instruction Manual and Limited Warranty for the Subject Pistol." (Doc. 29 at 8 (emphasis omitted); Doc. 27-1 at 11). Although Plaintiffs did not attach the Manual as an exhibit to their Amended Complaint, their allegations regarding the statements in the Manual are sufficient at this stage. As discussed below, Plaintiffs do not improperly lump Defendants together but allege that "Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in [the] Amended Complaint." (Doc. 25 ¶ 5). Accordingly, Plaintiffs have alleged sufficient facts to state a claim for negligent misrepresentation under Georgia law.

### III.   Shotgun Pleading

Defendants move to dismiss the remainder of Plaintiffs' Amended Complaint as an impressible shotgun pleading. (Doc. 27-1 at 4–8). Plaintiff Michael Shelton argues that Plaintiffs "ha[ve] not filed a shotgun pleading, instead pleading appropriate facts which can be reasonably discerned by the Defendants and this Court." (Doc. 28 at 4). Federal Rules of Civil Procedure 8 and 10 set forth the requirements for complaints filed in federal court. At a minimum, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief" set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 10(b). A complaint that does not adhere to the basic requirements of Rules 8 and 10 is a "shotgun

pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). A complaint is a shotgun pleading if it: (1) contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fails to "separate 'each cause of action or claim for relief' into a different count"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324–25 (alteration in original) (quoting *Weiland*, 792 F.3d at 1321–23). The "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (first citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) (per curiam); and then citing *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996)).

Plaintiffs' Amended Complaint is not a shotgun pleading. While each count begins with "Plaintiffs restate all of the preceding allegations as if fully restated herein[,]" District Courts are only directed to order the Plaintiff to file an amended complaint if "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." (*See* Doc. 25 ¶¶ 22, 28, 34, 39, 47, 55, 62, 69, 75, 84, 90); *Weiland*, 792 F.3d at 1325 (emphasis in original) (citation omitted). Here, it is not virtually impossible to know which facts support Plaintiffs' claims. For instance, Plaintiffs specify the alleged representations of fact in the Limited Warranty in their Breach of Express Warranty claim, Plaintiffs identify and describe the manufacturing defect in their Strict Liability claim, and Plaintiffs quote the alleged false statements Defendants made in their Negligent Misrepresentation count. (Doc. 25 ¶¶ 28–33, 39–46, 62–68). Defendants can readily ascertain the allegations which support each of Plaintiffs' claims. Accordingly, a dismissal on the grounds of a shotgun pleading is not warranted.

**IV.   Collective Liability**

Defendants also move to dismiss all claims against Defendant Taurus Holdings because "Plaintiffs hardly allege any factual allegations that are specific to [Taurus] Holdings and fail to allege any specific actions by [Taurus] Holdings in connection with the Subject Pistol." (Doc. 27-1 at 12). Plaintiff Michael Shelton argues that "Defendants are referred to jointly [throughout the Amended Complaint] because of their intertwined nature." (Doc. 28 at 8). Plaintiffs bring all claims against Defendants collectively because Plaintiffs allege that "Defendant Taurus Holdings is the one hundred percent stockholder of Defendant TIMI and they are both in the business designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying and/or selling firearms." (Doc. 25 ¶ 4). Thus, Plaintiffs allege, "Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in th[e] Amended Complaint." (*Id.* ¶ 5). Plaintiffs' claims do not fail to specify how Defendant Taurus Holdings is responsible—they simply allege that Defendant TIMI and Defendant Taurus Holdings are equally liable. *See Weiland*, 792 F.3d at 1323. Whether Defendant Taurus Holdings is indeed liable for its subsidiaries' (TIMI's) conduct is "a question of the merits of [Plaintiffs'] case, to be determined at a later stage in the litigation and after discovery." *Blevins-Ellington v. CooperSurgical, Inc*., No. 1:22-CV-00197-LMM, 2023 WL 2111346, at *11 (N.D. Ga. Jan. 17, 2023). For purposes of pleading, however, Plaintiffs have adequately alleged a theory of collective liability.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Doc. 27) is **DENIED**. As the Court has considered Defendants' Motion to Dismiss, Defendants' Motion to Stay (Doc. 22) is **DENIED as moot**.

**SO ORDERED**, this 14th day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**